IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-169-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GERALD WAYNE TIMMS | ) | |

This matter is before the Court on defendant's *pro se* motion for appointment of new counsel. For the reasons stated herein, defendant's motion is denied.

## BACKGROUND

Mr. Timms was charged on May 27, 2015, in an indictment alleging that he knowingly possessed a prohibited object in violation of 18 U.S.C. § 1791(a)(2). His appointed counsel was later disqualified for the reasons laid out in the Court's August 27, 2015, order. In an abundance of caution and in the interest of judicial economy, the Court also disqualified the attorney next appointed to handle Mr. Timms' case, due to a potential conflict of interest. Mr. Geoffrey Hosford was appointed and entered his notice of appearance on September 29, 2015, the same day that Mr. Timms the instant motion, in which he alleges that the government "shopped for" his lawyer.

## DISCUSSION

Though the Sixth Amendment to the United States Constitution gives all defendants the right to effective assistance of counsel, that right is not unqualified. *United States v. Gallop*, 838 F.2d 105, 107 (4th Cir. 1988). "An indigent defendant . . . can demand a different appointed lawyer only with good cause." *Id.* In analyzing Mr. Timms' request, the Court considered the

following factors: (1) timeliness of the motion; (2) inquiry into the reasons why defendant wishes for new counsel; and (3) whether the purported conflict between defendant and his attorney is so great that it has resulted in a total lack of communication, thereby preventing an adequate defense. *Gallop*, 838 F.2d at 108. Though Mr. Timms' motion is made well before trial, the other two factors weigh against appointing new counsel. At the time Mr. Timms made his motion, Mr. Hosford had barely entered a notice of appearance; presumably no communication had even been attempted. Moreover, Mr. Timms' rationale for appointment of new counsel borders on the absurd. The government does not play a role in the appointment of counsel and Mr. Timms has put forth no evidence to suggest any type of prosecutorial misconduct. Accordingly, the Court concludes that good cause does not exist for appointment of new counsel and denies Mr. Timms' motion.

## CONCLUSION

For the foregoing reasons, defendant's motion for new counsel [DE 44] is DENIED.

SO ORDERED, this 2 day of October, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE